UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| Kenneth W. Thomas, | Case No. 13-57496-PJS |
| Debtor. | Hon. Phillip J. Shefferly |
| _____/ | |
| Daniel M. McDermott, | Adversary Proceeding |
| United States Trustee, | No. 13-5408-PJS |
| Plaintiff, | |
| v. | |
| Cecelia A. Kelly, | |
| Defendant. | |
| _____/ | |

### ORDER GRANTING UNITED STATES TRUSTEE'S MOTION FOR CONTEMPT AND RECOMMENDING THAT THE DISTRICT COURT INITIATE CRIMINAL CONTEMPT PROCEEDINGS AGAINST CECELIA A. KELLY

The Court enters this order and makes this recommendation to the United States District Court for the Eastern District of Michigan to address the continuing contempt of court by a bankruptcy petition preparer who has been permanently enjoined in the Eastern District of Michigan from providing bankruptcy assistance to assisted persons, but who continues to violate the injunction.

### Background

On December 5, 2013, the United States Trustee ("UST") filed a complaint in this adversary proceeding against Cecelia A. Kelly ("Kelly"), alleging that Kelly is a "bankruptcy petition

preparer" within the meaning of § 110(a)(1), and a "debt relief agency" as defined by § 101(12A), of the Bankruptcy Code. The complaint further alleged that Kelly engaged in fraudulent, unfair and deceptive activity in violation of § 110(j)(2)(A) and provided prohibited legal advice under § 110(e)(2)(A). The UST asked that Kelly be permanently enjoined, pursuant to § 101(j)(2)(B), from acting as a bankruptcy petition preparer, and to pay fines authorized under § 110(i)(1)(B) and (l)(1).

On March 4, 2014, the UST and Kelly filed a stipulation to enter a consent order for injunctive relief. On March 5, 2014, the Court entered the Consent Order for Injunctive Relief ("Injunction"). The Injunction provides that Kelly "is hereby permanently enjoined in the Eastern District of Michigan from acting as a Bankruptcy Petition Preparer and from providing Bankruptcy Assistance to Assisted Persons, whether under her name or any other name or through any corporate form." The adversary proceeding was then closed.

Unfortunately, Kelly did not comply with the Injunction. On April 8, 2014, the UST filed an ex parte motion to reopen the adversary case, which the Court granted. On April 9, 2014, the UST filed a motion to hold Kelly in contempt ("First Contempt Motion"), alleging that Kelly violated the Injunction by assisting Synthia Westbrook ("Westbrook") in filing her Chapter 7 case, no. 14-43579. Because Kelly did not file a response to the First Contempt Motion, the Court entered an order ("Contempt Order") on May 9, 2014, finding Kelly in contempt and scheduling a hearing to consider the UST's request for additional remedies, including referral to the United States District Court for the Eastern District of Michigan for criminal contempt proceedings. The Court's order scheduling the hearing required Kelly to attend. At Kelly's request, the Court adjourned the hearing.

The June 17, 2014 order adjourning reiterated that Kelly must attend hearing and provided that the UST and Kelly would each be permitted to adduce evidence at the hearing.

On August 25, 2014, the Court began the evidentiary hearing. At Kelly's request, the Court continued the hearing to October 9, 2014. The hearing was again adjourned at Kelly's request to November 5, 2014. The Court proceeded to take evidence from both the UST and Kelly, concluded the evidentiary hearing and took the matter under advisement.

On November 25, 2014, the Court issued an Opinion Regarding United States Trustee's Request for Relief Based Upon Finding of Contempt ("Opinion"). The Opinion found that Kelly had assisted Westbrook in filing her bankruptcy petition in violation of the Injunction, and that Kelly continued to be in contempt under the Contempt Order. Despite these findings, because Kelly testified credibly that she was no longer acting as a bankruptcy petition preparer at the time of the evidentiary hearing, and had not violated the Injunction by assisting anyone other than Westbrook, and because Kelly was already subject to substantial monetary sanctions both in the Contempt Order and in the Westbrook case, the Court declined to impose any additional monetary remedies. Further, the Court also declined the UST's request to make a referral to the United States District Court for criminal contempt. However, the Opinion expressly stated that the Court's ruling was without prejudice to the UST's right to seek additional relief in the future in the event of any further violations of the Injunction by Kelly.

On October 12, 2015, the UST again moved to reopen the adversary proceeding because Kelly had once again violated the Injunction. After the Court reopened the adversary proceeding, the UST filed another motion for contempt ("Second Contempt Motion"), this time alleging that Kelly acted as a bankruptcy petition preparer in the case of Constance Wells ("Wells") in case

no. 15-52309, a Chapter 7 case filed on August 19, 2015. The Second Contempt Motion alleged that Wells testified at her § 341 meeting held on September 23, 2015 that Kelly assisted her in preparing her bankruptcy petition, that Kelly did not tell Wells at that time that Kelly was prohibited from acting as a bankruptcy petition preparer, and that Wells had paid Kelly $200.00 for her assistance. Even though Kelly did not file a response to the Second Contempt Motion, the Court scheduled a hearing on the Second Contempt Motion for December 21, 2015.

Kelly failed to appear at the December 21, 2015 hearing. The UST appeared and provided more information to the Court about Kelly's violation of the Injunction in the Wells case. In addition, the UST informed the Court that Kelly had made no payments either with respect to the fines imposed on her by the Contempt Order or with respect to the fines imposed on her by separate order in the Westbrook case. The UST asked for an additional finding of contempt of the Injunction, plus another fine of $2,000.00.

Because of the seriousness of the UST's allegations against Kelly in the Second Contempt Motion, and the nature of the remedies requested by the UST, the Court expressed a due process concern over whether Kelly had been properly served, and whether Kelly both knew of and understood the remedies requested by the UST against her in the Second Contempt Motion. To ensure that Kelly be given a full and fair opportunity to defend the Second Contempt Motion, the Court determined to continue the hearing until January 20, 2016, and to require the UST to re-serve Kelly with the Second Contempt Motion and with notice of the continued hearing both at her last known address and also at a new address for Kelly that the UST had recently discovered. The order adjourning the hearing extended the time for Kelly to respond to the Second Contempt Motion and required Kelly to appear at the adjourned hearing. The order expressly stated that the Court would

consider making a recommendation to the United States District Court that Kelly be held in criminal contempt if the Court were to find that the facts alleged in the Second Contempt Motion were true.

**Findings and Recommendation**

Despite the additional time provided by the Court for Kelly to respond to the Second Contempt Motion, Kelly did not file a response, nor did she appear at the January 20, 2016 continued hearing. The UST informed the Court at that hearing that the UST had received a letter from Kelly, dated January 7, 2016, in which she denied the UST's allegation that she acted as a bankruptcy petition preparer for Wells. The UST further informed the Court that the letter also stated that Kelly had now moved to Texas for a new job. The UST also supplied the Court with information that the UST had uncovered that contradicted the letter's claim that Kelly had moved to Texas. Regardless of whether Kelly did or did not move to Texas, the UST stated that Kelly acknowledged in the letter that she had received notice of the continued hearing scheduled for January 20, 2016. Kelly did not file this letter with the Court.

The Court finds that the process with respect to the Second Contempt Motion and the scheduling of the adjourned hearing on the Second Contempt Motion was sufficient to afford Kelly due process of law. Further, the Court finds that Kelly did not respond to the Second Contempt Motion and did not attend the hearings held on the Second Contempt Motion on December 21, 2015 and January 20, 2016 despite being ordered to do so. The Court infers from Kelly's conduct that she does not contest the factual allegations in the Second Contempt Motion, all of which are corroborated by the testimony of Wells at her § 341 meeting on September 23, 2015.[1]

---

[1] In the interest of completing the record, the Court also requested that the UST file a copy in this adversary proceeding of the transcript of the § 341 meeting in the Wells case. The UST did so on January 22, 2016.

Based on the uncontested factual allegations in the Second Contempt Motion and based on the uncontroverted testimony by Wells at her § 341 meeting, the Court finds that Kelly violated the Injunction a second time by assisting Wells in preparing her bankruptcy case that was filed on August 19, 2015. The Court therefore holds Kelly in civil contempt of the Injunction. However, the Court declines the UST's request in the Second Contempt Motion for an additional award of monetary sanctions because it considers such amount to be an ineffective, cumulative remedy in light of the other monetary sanctions previously awarded against Kelly that remain unpaid, and also because it does not consider an award of any additional monetary sanctions to be useful in inducing Kelly to comply with the Injunction in the future. Finally, the Court grants the UST's request that it refer this matter to the United States District Court with a recommendation that the United States District Court initiate criminal contempt proceedings against Kelly.

18 U.S.C. § 401(3) states that:

A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as– . . .

(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

The Court found in the Contempt Order that Kelly violated the Injunction. In the Opinion, the Court made detailed findings about Kelly's violations. The Court hoped that the findings in the Opinion would impress upon Kelly the gravity of her situation and the importance of complying with the Injunction and with other orders of this Court. Kelly has now twice been found to be in contempt of this Court because of her violations of the Injunction. Further, by her failure to pay monetary sanctions that have been awarded against her and by her failure to attend hearings when ordered to do so, Kelly has displayed a pattern of disregard for orders of this Court. The Court

-6-

concludes that the remedies employed to date and those otherwise available to the Court are not sufficient to compel Kelly to comply with the Injunction. Therefore, the Court recommends that the United States District Court initiate criminal contempt proceedings against Kelly.

**Exhibits**

The Court will transmit this order to the United States District Court with a copy of each of the following exhibits:

| | |
|---|---|
| Exhibit 1 | Adversary Complaint Seeking a Permanent Injunction and Monetary Damages for Violations of 11 U.S.C. § 110 and for Assessment of Fines Payable to the United States Trustee, filed in adversary proceeding no. 13-5408 on December 5, 2013 (ECF No. 1). |
| Exhibit 2 | Consent Order for Injunctive Relief entered in adversary proceeding no. 13-5408 on March 5, 2014 (ECF No. 16). |
| Exhibit 3 | Motion for Contempt and for Other Relief filed in adversary proceeding no. 13-5408 on April 9, 2014 (ECF No. 19). |
| Exhibit 4 | Order Finding Cecelia A. Kelly in Contempt and for Further Proceedings entered in adversary proceeding no. 13-5408 on May 9, 2014 (ECF No. 21). |
| Exhibit 5 | Order Adjourning Hearing Regarding Further Proceedings for Contempt and Other Relief Against Cecelia Kelly entered in adversary proceeding no. 13-5408 on June 17, 2014 (ECF No. 24). |
| Exhibit 6 | Order Continuing Hearing Regarding Further Proceedings for Contempt and Other Relief Against Cecelia Kelly entered in adversary proceeding no. 13-5408 on August 26, 2014 (ECF No. 28). |
| Exhibit 7 | Opinion Regarding United States Trustee's Request for Relief Based Upon Finding of Contempt, issued in adversary proceeding no. 13-5408 on November 25, 2014 (ECF No. 33). |

Exhibit 8    Order (1) Amending Prior Order Regarding Contempt; and (2) Denying United States Trustee's Request for Additional Relief, entered in adversary proceeding no. 13-5408 on November 25, 2014 (ECF No. 34)

Exhibit 9    Motion for Contempt Against Cecelia A. Kelly and for Other Relief, filed in adversary proceeding no. 13-5408 on October 29, 2015 (ECF No. 36).

Exhibit 10   Order Scheduling Hearing on Motion for Contempt and for Other Relief, entered in adversary proceeding no. 13-5408 on December 21, 2015 (ECF No. 41).

Exhibit 11   Declaration of Filing of Transcript of § 341 Transcript in the Case In Re Constance Wells Held on January 20, 2016, filed in adversary proceeding no. 13-5408 on January 22, 2016 (ECF No. 44)

Accordingly, for the reasons set forth on the record at the hearing held on January 20, 2016, and for the reasons set forth in this order,

**IT IS HEREBY ORDERED** that the UST's Second Contempt Motion (ECF No. 36) is granted.

**IT IS FURTHER ORDERED** that the Court recommends to the United States District Court for the Eastern District of Michigan that it initiate criminal contempt proceedings against Kelly.

.

**Signed on April 21, 2016**

                                        **/s/ Phillip J. Shefferly**
                                        **Phillip J. Shefferly**
                                        **United States Bankruptcy Judge**

13-05408-pjs    Doc 45    Filed 04/21/16    Entered 04/21/16 12:15:13    Page 8 of 8